Matthew Sandofsky, Esq.
90 Canal Street, 4th Floor
Boston, MA 02114

# U.S. DISTRICT COURT
# DISTRICT OF NEW JERSEY

Matthew Sandofsky, individually and on behalf of all similarly situated individuals.

Plaintiff,

v.

Turbotenant, a corporation.

Defendants.

**COMPLAINT FOR EQUITABLE DAMAGES, PUNITIVE DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

CV. 21-395 (CCC) (MF)

## I. NATURE OF THE CASE

I, Matthew Sandofsky do hereby declare under penalty of perjury that the following is true and correct:

1. Plaintiff, Matthew Sandofsky, a resident of Massachusetts, brings this action against Defendants, Turbotenant, a Delaware corporation with its principle place of business in Fort Collins, Colorado. This complaint seeks injunctive relief and statutory damages for Defendant's practices in violation of **15 U.S.C §1681**. Finally, this complaint seeks punitive damages for Defendant's policy of noncompliance per **§1681n(a)(2)**.

## II. JURISDICTION and PARTIES

2. **28 USC §1331** states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This claim is based on a question relating to federal law, namely the provisions of the Fair Credit Reporting Act (FCRA), **15 USC §1681**, providing this Court federal question jurisdiction.

**28 USC §1332** states "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." Defendant is a Delaware corporation with its principal places of business in Fort Collins, Colorado. Plaintiff is a resident of Massachusetts. This action is, therefore, between citizens of different States. Plaintiff seeks damages in excess of $75,000. As such, this Court has diversity jurisdiction over this matter.

Through Defendant's pattern of providing consumer reports to and about New Jersey residents, as well as it's specific act of providing the consumer report which is the subject of this action, it has created the minimum contacts necessary to be subject to this Court's personal jurisdiction under *International Shoe Co. v. Washington, 326 US 310 (1945)*.

**28 USC 1391 (c)** states that venue is proper for a corporation in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. As this court has personal jurisdiction over this Defendant, venue is proper.

## III. FACTUAL ALLEGATIONS

4. On August 8, 2019, Defendant generated a consumer report on Plaintiff, which pulled together information requested from various sources and which was to be used by a prospective landlord for the purpose of evaluating whether to enter into a rental agreement with him for the

property located at 270 Harrison Ave #110, Jersey City, NJ 07304. The report contained injurious inaccuracies. On August 8, 2019, Plaintiff contacted Defendant to put them on notice that inaccuracies were present in the report and requested that they be corrected. On August 8, 2019, Defendant's agent, Katie Smith, replied to Plaintiff's request by telling Plaintiff that if he would like to dispute the information used to create the report, he would need to contact the source from which they received the inaccurate information, Transunion Rental Solutions.

## IV. CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681.

6. The report furnished by Defendant, is a consumer report under the FCRA, which defines a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility… in connection with a business transaction that is initiated by the consumer," per **15 U.S.C. §1681a(d)(1) and §1681b(3)(f)(i)**.

7. Defendant is a credit reporting agency under FCRA, which defines the term as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports," per **15 U.S.C. §1681a(f)**. Defendant is also a reseller under **15 U.S.C. §1681a(u)**, which defines a reseller as "a consumer reporting agency that assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for

purposes of furnishing such information to any third party, and does not maintain a database of the assembled or merged information from which new consumer reports are produced."

6. Defendant is required to adopt "reasonable procedures for [providing] information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization," per **15 U.S.C. §1681a(b)**. Defendant has neglected to do so.

7. Defendant is forbidden from "furnish[ing] an investigative consumer report that includes information that is a matter of public record and that relates to… [a] civil judicial action… or outstanding judgment… [without verifying] the accuracy of the information[,]" **15 U.S.C. §1681d**. Defendant did so in the immediate action and regularly does so in the course of conducting business.

8. Defendant, is required upon receipt of "a notice from a consumer of a dispute concerning the completeness or accuracy of any item of information contained in a consumer report on such consumer… within 5 business days of receiving the notice, and free of charge, [to] determine whether the item of information is incomplete or inaccurate as a result of an act or omission… and… if the reseller determines that the item of information is incomplete or inaccurate as a result of an act or omission of the reseller, not later than 20 days after receiving the notice, correct the information in the consumer report or delete it; or… if the reseller determines that the item of information is not incomplete or inaccurate as a result of an act or omission of the reseller, convey the notice of the dispute, together with all relevant information provided by the consumer, to each consumer reporting agency that provided the reseller with the information that is the subject of the dispute, using an address or a notification mechanism specified by the consumer reporting agency for such notices. " **15 U.S.C. §1681a(f)(2)**. Defendant refused abide by its statutory obligation to investigate, correct, or notify Transition Rental Solutions of the inaccuracy that is the subject of this complaint, and do so as a matter of policy.

## Statutory Damages

9. **15 U.S.C. §1681n** provides that any person "who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of ... not less than $100 and not more than $1000[.]" Defendant has willfully failed to comply with the requirements of **15 U.S.C. §1681** by refusing, upon Plaintiff's inquiry and request, to determine the accuracy of the information provided in the consumer report they generated.

## Class Relief

10. **FCRP Rule 23(a)** provides that "one or more members of a class may sue or be sued as representative parties on behalf of all members only if... the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class... the claims or defenses of the representative parties are typical of the claims or defenses of the class; and... the representative parties will fairly and adequately protect the interests of the class.

**FCRP Rule 23(b)** states that "a class action may be maintained if Rule 23(a) is satisfied and if... [T]he party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole; or... the court finds the the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The class in this case involves a common question of law that has affected every consumer negatively impacted by Turbotenant's failure to abide by the provisions of FCRA, whether Turbotenant must conduct adequate due diligence relating to the information they convey to their customers in order to assure accuracy. Turbotenant's willful disregard of federal

consumer reporting guidelines has likely affected tens of thousands of people. Joinder of this many plaintiffs would be impracticable, if not impossible. A class action is vastly superior to all other available methods for fairly and efficiently adjudicating this controversy.

### Punitive Damages

11. The conduct of Defendant as described above is outrageous. Defendant's conduct demonstrates a reckless disregard for the truth and accuracy of the consumer reports they generate. The acts and omissions described above were willful and performed with actual or implied malice. Punitive and exemplary damages are therefore appropriate and should be imposed in this instance.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant for:

1. Injunctive and equitable relief as the Court deems appropriate including: Requiring Defendant Turbotenant to conduct adequate due diligence to assure the content of the consumer reports they generate is current and accurate, and, in the event they should generate an inaccurate report, provide a free means of disputing and correcting the inaccuracies contained within.

2. Statutory damages to be paid by Defendant in the sum of $1,000 to each affected consumer who is a member of the class defined in this complaint;

3. Punitive damages as the court deems appropriate;

4. Costs and attorneys fees of this lawsuit, with interest;

5. Any other relief as the court deems appropriate.

Dated: January 6, 2021

_______________________,

Plaintiff
Matthew Sandofsky
90 Canal Street, 4th Floor
Boston, Ma 02114
(617)817-1785
mls@sandofskylaw.com

COMPLAINT AND REQUEST FOR DAMAGES
7