**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTHEW SANDOFSKY,** individually and on behalf of all similarly situated individuals, <br><br>              Plaintiff, <br><br>v. <br><br>**TURBOTENANT, a corporation,** <br><br>              Defendant. | Civil Action No. 21-395 (CCC) <br><br><br><br>**OPINION** |

**Falk, U.S.M.J.**

      This is an action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Defendant claims that the case should be venued in Colorado because of a forum selection clause. Plaintiff counters that the case should proceed in New Jersey because the forum selection clause is part of an unenforceable contract of adhesion and because New Jersey has a strong local interest in the case. Before the Court is

Defendant's motion to transfer venue to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). (CM/ECF No. 7.) The motion is decided on the papers. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to transfer is **granted.**

## BACKGROUND[1]

*Pro se* Plaintiff Matthew Sandofsky ("Plaintiff")[2] is a citizen of Massachusetts. (Compl. ¶ 1.) Defendant TurboTenant ("TurboTenant) is a Delaware corporation with its principal place of business in Fort Collins, Colorado. (*Id.* ¶ 2.) TurboTenant provides online property management software for landlords and tenants across the country including marketing of rental properties, tenant screening, online rental payments and application processing for prospective tenants.

Plaintiff alleges that TurboTenant violated the FCRA when it transmitted a consumer report generated by TransUnion and containing allegedly inaccurate information to a prospective landlord in New Jersey. According to Plaintiff, on August 8, 2019, after he completed TurboTenant's online rental application found on its Website,[3] TurboTenant "generated a consumer report" ("report") which compiled information from various sources. TurboTenant transmitted the report to a prospective landlord which it used to evaluate whether to enter into a lease with Plaintiff for a rental property located in New

---

[1] The following is drawn from the Complaint and the parties' briefs and declarations. Citations are largely omitted.
[2] Although proceeding *pro se*, it appears from the face of his Complaint that Plaintiff is an attorney.
[3] TurboTenant's website is located at https://www.turbotenant.com/ (the "Website").

Jersey. The report allegedly contained "injurious inaccuracies" which Plaintiff claims TurboTenant refused to correct. Plaintiff claims that TurboTenant advised him that if he wanted to dispute the information used to create the report, he would need to contact the source, TransUnion, which provided the alleged inaccurate information. (Id. ¶ 4.)

According to TurboTenant, at the time Plaintiff signed up to use TurboTenant's services, Plaintiff agreed to be bound by the Terms of Use appearing on TurboTenant's website. When filling out a rental application on the Website, potential tenants must click a "Get Started" button, which is directly above a notice that states "By clicking the button above you are agreeing to our Application Authorization Policy, Terms of Use, & Privacy Policy." (Exh. A, Declaration of Sarnen Steinbarth ("Steinbarth Decl.") at 8.) The Terms of Use contain a forum selection clause that requires any legal proceedings against TurboTenant to be brought exclusively in the state or federal courts in Denver, Colorado. Section 23 of the Terms of Use states:

> The Terms are governed by and shall be construed in accordance with the laws of the State of Colorado without regard to its conflict of laws rules. . . . [A]ny legal proceedings against us that may arise out of, relate to, or be in any way connected with the Website or the Terms shall be brought exclusively in the state or federal courts located in the City and County of Denver, Colorado, and you waive any jurisdictional, venue, or inconvenient forum objections to such courts.

(Steinbarth Decl. at Exhibit 1.)

Plaintiff filed a putative class action Complaint on January 6, 2021, on behalf of himself and all similarly situated individuals, asserting a violation of the FCRA.

On April 13, 2021, TurboTenant filed the present motion to transfer the case to the

United States District Court, District of Colorado, pursuant to 28 U.S.C. § 1404(a). In support of transfer, TurboTenant argues that the forum selection clause to which Plaintiff agreed is valid and enforceable, and that the case should be transferred to the contractually agreed upon venue. Defendant contends that the Supreme Court's Opinion in *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W.D. of Tex.*, 134 S. Ct. 568 (2013), requires transfer of this case to Colorado.

Plaintiff opposes transfer asserting essentially two arguments: (1) that New Jersey has a strong local interest in the case, and (2) that TurboTenant's Terms of Service constitute an unenforceable contract of adhesion.

## **LEGAL STANDARD**

28 U.S.C. § 1404(a) provides federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "[f]or the convenience of the parties and witnesses, or in "the interests of justice." *Id.* The purpose of the federal transfer statute is to "prevent the waste of 'time, energy and money' and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

"There is no definitive formula or list of factors to consider when deciding a motion to transfer." *Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc.*, 2010

WL 715454, at *2 (D.N.J. Mar. 1, 2010). However, the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), articulated certain "public" and "private" interests implicated by Section 1404(a). Private interests include but are not limited to: *(1)* plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. *Id.* at 879. Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. *Id.*

Where, like here, there is a forum selection clause involved, the transfer considerations change. In *Atlantic Marine*, the Supreme Court held, *inter alia*, that:

(1) a valid forum selection clause is an important consideration in a Section 1404(a) analysis and that a case should usually be transferred to the district specified in the clause; and

(2) when there is a valid forum selection clause, and a case is filed in a district other than the one specified in the clause, the court's Section 1404(a) transfer considerations change in three ways: (i) the plaintiff's choice of forum becomes immaterial; (ii) the parties' private interests—traditional transfer considerations—should not be evaluated, and should be deemed to weigh entirely in favor of the selected

forum; and (iii) the original venue's choice of law rules do not apply. *See* 134 S. Ct. 568, 581-82 (2013). As the Supreme Court explained in *Atlantic Marine*, the presence of a valid forum selection provision should almost always, absent "exceptional circumstances," result in the case proceeding in the designated forum. *See Altantic Marine*, 134 S. Ct. at 581.

## DECISION

The issue before the Court is clearly guided by *Atlantic Marine*. There is a forum selection agreement stating that "any legal proceedings against [TurboTenant] that may arise out of, relate to, or be in any way connected with the Website or the Terms shall be brought exclusively in the state or federal courts located in . . .Denver, Colorado, . . . and [the applicant] waive[s] any . . . venue . . .objections to such courts." (Steinbarth Decl. at Exhibit 1.) Plaintiff has filed an action alleging a single cause of action for violation of the FCRA. (See Compl.) Absent compelling circumstances unrelated to the private interests of the parties, this matter must be transferred to Colorado. *See Atlantic Marine*, 134 S. Ct. at 581. Such circumstances are not present here. For the reasons set forth below, transfer to the District of Colorado is appropriate.

On the record presented, the Court finds the forum selection clause to be valid and enforceable. A forum selection clause is generally considered "prima facie valid" and should be enforced unless shown to be unreasonable or the result of fraud or overreach. *See, e.g.*, *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986); *see also Collins v. Mary Kay, Inc.*, 874 F.3d 176, 181 (3d Cir.

2017); *Danka Funding. L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 470 (D.N.J. 1998) (forum selection clause may be set aside "only where 'the inclusion of that clause in the contract was the product of fraud or coercion'"). "In federal court, the effect to be given to a contractual forum selection clause ... is determined by federal not state law ... because questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." Jumara, 55 F.3d at 877.

First, Plaintiff argues that the Terms of Use are an unenforceable contract of adhesion essentially because a prospective renter cannot decline a background check by an agency of the landlord's choosing. (Pl. Br. at 5.) The Court appreciates that an applicant must agree to Defendant's Terms of Use if he wishes to use Defendant's online rental application. However, the landlord's prerogative of choosing Defendant's online application process as a condition of rental of its property does not make Defendant's Terms of Use a contract of adhesion. Nor does the inclusion of a forum selection clause make the agreement invalid. Quite to the contrary, forum selection clauses are routinely included in all sorts of agreements, and are considered to be *prima facie* valid and enforceable.

The Court does not find Plaintiff's argument persuasive or a grounds upon which to find the forum selection clause invalid. Plaintiff does not argue that he was fraudulently induced to agree to the forum selection clause or fraudulently induced to agree to the Terms of Use generally. Although proceeding *pro se*, Plaintiff is an

attorney and is presumably capable of reading and agreeing to the terms at issue in this motion. Plaintiff's argument is insufficient to overcome the presumption that the forum selection clause is *prima facie* valid and should be enforced. *See Danka Funding*, 21 F. Supp. 2d at 470.

Having concluded that the forum selection clause is valid, the Court turns to the public interest factors to determine whether they offset the "strong presumption in favor of enforcing forum-selection clauses." *In re: Howmedica Osteonics Corp.*, No. 16-3682, 2017 WL 3482039, at *6 (3d Cir. Aug. 15, 2017). Plaintiff advances a single argument with respect to the public interest factors — that the case should remain in New Jersey because the state has a strong local interest in deciding this case. The Court finds this argument unpersuasive.

On this point, Plaintiff argues New Jersey has a strong local interest in deciding this dispute because the Terms of Use contain an arbitration clause that TurboTenant is likely to enforce, and application of New Jersey law regarding arbitration provisions would, according to Plaintiff, lead to a different result than application of Colorado law. (Pl.'s Br. 2-5.) The Court questions how interpretation of an arbitration clause presents a local controversy that New Jersey courts would have a particular interest in deciding. This is particularly true, given that neither party to this case is a citizen of New Jersey and the agreement between the parties was made online. This is not an instance where New Jersey has an interest in protecting its citizens from harm, as Plaintiff is a citizen of Massachusetts. Nor does New Jersey have an interest in regulating any alleged

wrongdoing by a New Jersey company, as TurboTenant is a citizen of Colorado. Essentially, this matter has little, if anything, to do with New Jersey. More importantly, the parties agreed that Colorado law would govern the Terms of Use. (Steinbarth Decl. at Exhibit 1, Section 23.) Thus, Colorado law would likely apply in interpreting any arbitration provision regardless of where the case is venued.

Another public interest factor is the desire to have the case tried before judges familiar with the applicable law. Plaintiff asserts only one claim—violation of the FCRA. This public interest factor is not implicated here as federal courts in both New Jersey and Colorado are presumed to be equally "familiar with the applicable" federal law, and no departure from that presumption is warranted here. *See Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.,* 102 F. Supp. 2d 518, 537 (D.N.J. 2000) (antitrust); Ricoh Co., Ltd v. Honeywell, Inc., 817 F. Supp. 473, 486 (D.N.J. 1993) (patent). This factor weighs in favor of transfer.

The public interest factor of court congestion also weighs in favor of transfer. Official Court statistics maintained by the Administrative Office of the U.S. Courts indicate that New Jersey is one of the busiest Districts, and that New Jersey's weighted case average is heavier than Colorado's. See Administrative Office of the United States Courts, Judicial Caseload Profile, Weighted and Unweighted Filings Per Authorized Judgeship, https://www.uscourts.gov/statistics/ table/c/federal-judicial-caseload-statistics/2020/03/31; *see also McNulty v. J.H. Miles & Co., Inc.*, 913 F. Supp. 2d 112, 122 (D.N.J. 2012) ("[W]hen considered in relation to the lack of substantial events

occurring in this District, this factor [relative court congestion] weighs rather strongly in favor of transfer."). Therefore, a transfer to the District of Colorado may permit the matter to proceed to resolution more quickly.

On balance, the public interest factors decidedly favor venue in Colorado. For this reason, the Court will grant Defendant's motion.

## **CONCLUSION**

In sum, the Court concludes that the District of Colorado is the most appropriate forum for litigation of this case. For the reasons stated above, Defendant's motion to transfer venue to the United States District Court for the District of Colorado (CM/ECF No. 7) is **granted**. The Clerk's Office shall take no action on transfer of this case for 14 days. See L. Civ. R. 72.1(c)(1)(C). A separate Order accompanies this Opinion.

**Dated: July 6, 2021**

s/Mark Falk
MARK FALK
United States Magistrate Judge